UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| MOHAMED HUSSEIN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civ. Action No. 09-6097 (KSH) <br><br> **OPINION & ORDER ON PENDING APPLICATIONS** |

**Katharine S. Hayden, U.S.D.J.**

On December 1, 2009, Mohamed Hussein ("Hussein") filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 1, 9], an application that is subject to specific orders of the Court [D.E. 9] that limit the petition to two issues: alleged Speedy Trial Act violations and claims of ineffective assistance of counsel.

On October 4, 2010, Hussein notified the Court that upon service of the sentence that is the subject of his Section 2255 petition, he was transferred to the custody of Immigration and Customs Enforcement ("ICE") [D.E. 12]. On the same day, he filed a motion for a speedy bond hearing [D.E. 13]. This opinion addresses both filings.

In support of the motion for a speedy bond hearing, Hussein argues that he is subject to deportation "if the conviction of the criminal case stands. But if the conviction was overturned then the immigration issue will be dismissed." He claims that when he entered a plea of guilty to conspiracy to commit credit card fraud, he was not given "reasonably accurate advice about the deportation consequences of entering a guilty plea" [D.E. 13]. The Court has reviewed the

1

transcript of Hussein's sentencing proceedings, in particular the plea colloquy between the Court, Hussein and Hussein's attorney, Jean Barrett, Esq.

> THE COURT:  And are there any deportation consequences attaching to this guilty plea?
> THE DEFENSE [Hussein]:  Yes, your Honor.
> THE COURT:  And have you discussed them with Miss Barrett?
> THE DEFENSE [Hussein]:  Yes, I have.
> THE COURT:  And just to inform me, what are the possibilities or probabilities such as you know them?
> MS. BARRETT:  That as far as I know, and my research has shown, and Mr. Hussein and I have both consulted with an immigration attorney, this is an aggravated felony, and with mandatory deportation—
> THE COURT:  Do you understand that, Mr. Hussein?
> THE DEFENDANT [Hussein]: Yes.
> THE COURT:  All right.

Hussein Sentencing Transcript, at 8:19–9:8.

The transcript establishes that Hussein was advised that he was pleading to an offense deemed to be an aggravated felony with the consequence of "mandatory deportation," and that he understood this.  Hussein cites to Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010), which suggests that he believes this Court will grant his underlying petition under 28 U.S.C. § 2255 and, as such, is in a position to order ICE to release him on bond.  Even were the Court to be so persuaded, and it is not—see infra—Hussein's request for a bond hearing is misdirected.  The initial determination whether to release an alien on bond rests with the Department of Homeland Security.  8 U.S.C. § 1226; 8 C.F.R. § 1003.19(a).  The alien may request a redetermination from an Immigration Judge, 8 C.F.R. § 1003.19(a), unless the Immigration Judge is prohibited from considering the alien's request under 8 C.F.R. § 1003.19(h).  If the Immigration Judge has jurisdiction, his or her determination may be appealed to the Board of Immigration Appeals.  Id. § 1003.19(f), 1003.38.  Nowhere in this process is a Federal District Court involved.  Hussein's request for a bond hearing, therefore, is better directed to an Immigration Judge.

Addressing the merits of the underlying petition to vacate sentence on account of alleged constitutional errors, Hussein's allegations of Speedy Trial Act violations are may be quickly rejected. As the docket reflects, continuance orders were filed during the period between Hussein's arrest on September 6, 2006 and the Indictment handed up on November 17, 2006 naming him and others in an extensive credit card fraud scheme. These orders effectively excluded all but a handful of days, as the government sets forth in its opposition brief on pages 8–9 [D.E. 14]. The claim is meritless.

Equally without merit is Hussein's claim that he did not receive effective assistance of counsel. The test for ineffective assistance is a familiar one set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant must make two showings: (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Hussein has not met the legal standard. To begin with, as the transcript reference above illustrates, he has distorted the record by telling this Court that his attorney did not advise him about the deportation consequences of his plea. The transcript reveals that she did that and more: his attorney argued to the Court that Hussein is essentially "stateless," and was facing a period when he would be held by ICE "while the Immigration service looks for a State willing to take him." (Tr. 29:15.) Thus, far from failing to advise Hussein about immigration consequences, his advocate sought to mitigate the sentence Hussein was facing *because* he was facing immigration consequences.

Moreover, a substantial portion of the sentencing hearing was devoted to his attorney's successful effort to convince the Court that Hussein's sentencing level should be lowered from an adjusted offense level of 24, as calculated by United States Probation, to level 15. Counsel argued that Hussein should be granted three levels downward adjustment for acceptance of responsibility despite his statements to the Probation Department. She also demonstrated to the Court's satisfaction that the loss amount and the number of victims to be attributed to Hussein's participation in the credit card fraud were both overstated. As such, Hussein's sentencing exposure was substantially reduced, and the Court sentenced him in the middle of the 18 to 24 months range called for at level 15, instead of 51–63 months, the guidelines exposure under level 24. None of this effective advocacy is alluded to in Hussein's papers.

Instead he argues that his attorney should have argued about his extreme remorse, his family ties, the conditions he faced for the three months he was confined at Passaic County Jail, and his deportation problems. She did. (Tr. 26:24–30:13.) She wove these arguments into a proposal that the Court impose a split sentence of 18 months (the lowest sentence under the guidelines) and incarcerate Hussein for 9 months, releasing him for the balance of the sentence to home confinement. Counsel made this argument in the face of vigorous opposition from the government as to the loss amount and how the Court should sentence, and despite the strong stance taken by U.S. Probation in the Presentence Report that Hussein had not demonstrated an acceptance of responsibility and was responsible for a far greater loss amount. There is nothing in this record to support the claims of ineffective assistance measured by common sense, let alone the exacting test set forth in *Strickland*.

As such no evidentiary hearing is required, and Hussein's petition fails on both grounds. The Court **denies** Hussein's motion to vacate sentence, and declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(1).[1]

Good cause appearing,

It is on this 9th day of November, 2010, hereby

**ORDERED** that Hussein's motion to vacate sentence [D.E. 1] is **denied**; and it is further

**ORDERED** that a certificate of appealability shall not issue; and it is further

**ORDERED** Hussein's motion for a speedy bond hearing [D.E. 13] is **denied.**

/s/ Katharine S. Hayden
KATHARINE S. HAYDEN, U.S.D.J.

---

[1] The Court is in receipt of a letter dated November 10, 2010, in which Hussein seeks relief related to his detention. The Court is not in a position to grant relief, see *supra*.